NATIONAL LABOR RELATIONS
Board, Petitioner,

v.

CLEVELAND PRESSED PRODUCTS
CORPORATION, Respondent.

No. 73–1898.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1974.

Decided March 28, 1974.

Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Joseph E. Mayer, Morton Namrow, Attys., National Labor Relations Board, Washington, D. C., on brief, for petitioner.

Eugene B. Schwartz, Donald F. Woodlock, Schwartz, Einhart & Simerka, Cleveland, Ohio, on brief, for respondent.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case is before us upon petition by the National Labor Relations Board for enforcement of its order reported at 203 NLRB 58. The Board found that respondent Cleveland Pressed Products Corp. (hereinafter "Company") violated § 8(a)(1) of the National Labor Relations Act by restraining and coercing its employees because of their union activities and that it also violated § 8(a)(3) and (1) by discriminatorily discharging an employee named Camarda. The Company contests only the discriminatory discharge order, which reinstated the employee with back pay.

The record indicates that Camarda and one Masaveg were maintenance men in the employ of the Company and also happened to be union organizers within the Company's plant. It appears that in the period leading up to the representation election, these men had several encounters with the Company's vice-president Kramer and plant manager Gicei. Kramer in particular demonstrated an anti-union bias and was hostile. The Company argues that during this period both Camarda and Masaveg committed several disciplinary infractions sufficient to justify a discharge but that it refrained therefrom because of the pendency of the election proceedings. The Board claims that after the election Camarda in particular was harrassed by the Company. Some three months after the election, Camarda was discharged after he refused to continue working on a job outdoors for reasons of health. The Board adopted the Administrative Law Judge's proposed order in which he found that ". . . the real reason for [the Company's] action, in my view, was Camarda's continuing leadership in the

Union." We conclude that there is not substantial evidence in the record to support that finding. NLRB v. Latex Industries, Inc., 307 F.2d 737 (6th Cir. 1962).

The record reveals that Camarda had been a constant complainer and protestor for at least a month before the election. Given the series of disciplinary infractions prior to the election, there is substantial evidence that the discharge was based upon the ultimate in a series of such infractions. The fact of an employee's union activities does not insulate him from discharge where his conduct so warrants. NLRB v. Ace Comb Co., 342 F.2d 841 (8th Cir. 1965). Consequently, although there is evidence of an anti-union animus on the part of the Company, we do not find substantial evidence to support the conclusion that the discharged employee's union activities were responsible for the discharge.

Insofar as it relates to the § 8(a)(1) violation, the Board's order is affirmed and enforcement is granted. With respect to the § 8(a)(3) and (1) violation, enforcement of the Board's order is denied.